**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **JOSEPH ZIEGLER,** ) | **CASE NO. 1:17 CV 599** |
| ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **UNKNOWN EUCLID** ) | |
| **POLICE OFFICERS,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Joseph Ziegler filed this action under 42 U.S.C. §§ 1981, 1983, 1985 and 1986 against Unknown Euclid Police Officers, Euclid Municipal Court Judge Deborah LeBarron and Euclid City Prosecutor Patrick Gallager. In the Complaint, Plaintiff asserts he was arrested and prosecuted for an incident that occurred during a protest on February 22, 2017. He seeks monetary and injunctive relief.

Plaintiff filed an Application to Proceed *In Forma Pauperis*. (ECF No. 2). That Application is granted.

## I. BACKGROUND

Plaintiff's Complaint contains very few factual allegations. He indicates he was arrested by Euclid police officers on February 22, 2017 while engaging in his right to peacefully assemble. He asserts he was denied equal protection and was the victim of discrimination on the

basis of race, age, or national origin. However, he does not reveal his race, his age or his national origin, nor does he allege facts suggesting what the Defendants did that he considered to be discriminatory. He states, without explanation, that the officers used excessive force and ordered medical staff at the Euclid Hospital to inject him with a substance to render him unconscious so his blood could be drawn without a warrant.

Criminal charges were brought against him in the Euclid Municipal Court. He does not specify those charges. He attempted to remove that action to federal court on March 7, 2017, but the Court remanded the case because it was unremovable. Judge LeBarron proceeded with his arraignment on March 9, 2017. He states, without explanation, that Judge LeBarron ordered Prosecutor Patrick Gallager "to act maliciously and corruptly without subject matter jurisdiction... ." (ECF No. 1 at 5).

Plaintiff asserts claims under 42 U.S.C. §§ 1981, 1983, 1985 and 1986. He states the Defendants violated or conspired to violate his rights to life, liberty, due process, freedom from discrimination and freedom from cruel and unusual punishment. He sues the Defendants in their official and individual capacities.

## II. LAW AND ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when the

Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Here, all of Plaintiff's claims are stated solely as legal conclusions. He does not provide facts to support any of his claims. To meet basic pleading requirements, the Complaint must give the Defendants fair notice of what the Plaintiff's claims are and the grounds upon which they rest. *Id.* at 726; *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff identifies legal claims but does not allege facts to put the Defendants on notice of the factual grounds upon which those claims rest. This Complaint does not meet basic

pleading requirements of Federal Civil Procedure Rule 8 to state a claim upon which relief may be granted.

### III. CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). Defendants' Motion to Dismiss (ECF No. 4) and Plaintiff's Motion to Strike Defendants' Motion (ECF No. 5) are denied as moot. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: June 30, 2017

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.